IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLY S. KERR                                                                                    PLAINTIFF

v.                                              CIVIL NO. 23-cv-2028

MARTIN J. O'MALLEY,[1] Commissioner                                          DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Kimberly S. Kerr, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for SSI on October 19, 2020. (Tr. 31). In her application, Plaintiff alleged disability beginning on November 1, 2017, due to a large deep vein thrombosis in her right leg, pulmonary embolism, anxiety, and depression. (Tr. 31, 441). An administrative hearing was held on December 14, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 254–80). A vocational expert ("VE") also testified. *Id*. At this hearing, Plaintiff amended her alleged onset date to her protective filing date, October 19, 2020. (Tr. 256).

---

[1] Martin J. O'Malley, has been appointed to serve as the Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

On March 30, 2022, the ALJ issued an unfavorable decision. (Tr. 28–41). The ALJ found that Plaintiff suffered from the following severe impairments: deep vein thrombosis, pulmonary embolism, obesity, panic disorder, major depressive disorder, personality disorder, and anxiety disorder. (Tr. 33–34). The ALJ also found the Plaintiff also suffered from migraines, but found them to be a nonsevere impairment. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 34–35). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 C.F.R. §416.967(a) except she would be limited to work where interpersonal contact would be incidental to the work performed (e.g. assembly work), tasks should be no more complex than those learned and performed by rote with few variables and little judgment and the supervision required would be simple, direct, and concrete. (Tr. 17–21). The ALJ found Plaintiff had no past relevant work but, based upon the testimony of the VE, Plaintiff would be able to perform representative occupations such as addresser, table worker, and nut sorter. (Tr. 39–40). The ALJ found Plaintiff was not disabled from October 19, 2020, through March 30, 2022, the date of the decision. (Tr. 41). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the ALJ erred by failing to find Plaintiff's migraines to be a severe impairment; 2) whether the RFC was inconsistent with the evidence, specifically Plaintiff's need to elevate her legs and new evidence which was not considered by the Appeals Council; and 3) whether the ALJ erred at step five by presenting an improper hypothetical question to the VE which did not encompass all of Plaintiff's limitations. (ECF No. 9). Defendant argues the ALJ did not err in finding Plaintiff's migraines to be a nonsevere impairment as the ALJ appropriately considered the fact that Plaintiff did not seek treatment for her migraines for a year after an appointment on July 30, 2020, when she was referred to a neurologist and also considered Plaintiff's reports that her headache pain had lessened and that her medication was helpful. (ECF No. 11). Defendant argues the ALJ appropriately considered Plaintiff's reports of needing to elevate her legs and the medical records that advised her to do so, and appropriately considered the opinion of Kayla Moury, P.A., although the letter predated the relevant time period, and did not err in finding the letter only partially persuasive as it was not specific enough. Defendant argues that the ALJ properly discussed and considered Plaintiff's treatment history including exam notes and response to treatment, her reported activities and objective medical testing, and the medical opinions and prior administrative medical findings.

Defendant argues the ALJ appropriately considered the non-examining physician opinions and assigned greater physical limitations than opined based upon Plaintiff's testimony and treatment records. Finally, Defendant argues the ALJ presented a proper hypothetical to the VE and did not err at step five.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ appropriately considered all of the evidence of record, and his RFC determination was based upon substantial evidence. The new evidence presented to the Appeals Council did not show the development of any new deep vein thromboses or new symptoms that had not been considered by the ALJ. Further, the ALJ permissibly found Plaintiff's migraines to be nonsevere based upon substantial evidence in the record. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 18th day of January 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4